IN THE CIRCUIT COURT, IN AND FOR DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION:

HOWARD B. WALD, JR.,

    Plaintiff,

vs.

SANDRA KERSEY, an individual,
and STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,
a foreign profit corporation,

    Defendants.

_____/




## COMPLAINT

Plaintiff, Howard B. Wald, Jr. ("Wald"), sues the Defendants, Sandra Kersey, an individual, and State Farm Mutual Automobile Insurance Company ("State Farm"), a foreign profit corporation and alleges:

1. This is an action against an insurance company and its adjuster for the bad faith handling of a personal injury claim resulting in damages that exceed $15,000.00 exclusive of interest and costs.

2. At all times material hereto, the Plaintiff, Howard B. Wald, Jr. was a resident of Duval County, Florida.

3. At all times material hereto, the Defendant, Sandra Kersey, was a resident of Jacksonville, Duval County, Florida.

4. At all times material hereto, the Defendant State Farm, was and is a corporation in the business of providing and selling automobile insurance, including bodily injury liability coverage,

1

in the State of Florida, including Jacksonville, Duval County, Florida. Its principal offices are located at One State Farm Plaza, Bloomfield, Illinois 61710. The registered agent for service of process is the Chief Financial Officer, P O Box 6200, Tallahassee, Florida 32314-6200.

5. At all times material hereto, the Defendant Sandra Kersey was acting within the course and scope of her employment with the Defendant State Farm.

6. On or about September 12, 1999, Wald was involved in an automobile collision that was caused by the negligence of Sam Gus Felos.

7. Felos was insured by State Farm with bodily injury liability limits of $250,000.00.

8. Wald made demand to settle his claim with State Farm prior to filing suit for substantially less than Felos' policy limits. That demand was refused by State Farm.

9. Suit was filed by Wald against Felos. Prior to trial, State Farm offered only $44,000.00 to settle Wald's claim.

10. The value of Wald's claim exceeded the policy limits of Felos bodily injury coverage with State Farm in that Wald had sustained herniated disks in his neck and back. State Farm had Wald examined by a doctor of their own choosing, more particularly, Dr. Howard Hogshead who admitted that Wald has sustained a permanent injury in the subject motor vehicle accident. Wald's treating physician, Dr. Jackson Tan, also confirmed that Wald has suffered permanent injuries in the accident.

11. At all times material hereto, these defendants had an obligation to Wald to settle his claim within policy limits if they could have and should have done so. Under the facts and circumstances of the subject claim, these defendants could have and should have settled within policy limits, as Wald's claim for damages and proof thereof clearly vastly exceeded the available

policy limits (as evidenced by his jury verdict of approximately 4 times the available limits), and he at various points in time offered to accept less than those policy limits in full settlement of all claims. These defendants committed bad faith insurance litigation by failing to settle within the policy limits when they could have and should have, and as a direct and proximate result, Wald is entitled to damages thereby.

12. Wald, pursuant to Florida Statute §768.79 and Florida Rule of Civil Procedure 1.442, filed a Proposal for Settlement in the amount of $95,000.00 on September 22, 2006. The Defendants rejected the proposal even though the value of Wald's claim exceeded the Proposal for Settlement amount and Felo's policy limits.

13. The case proceeded to trial. A verdict in the amount of $1,030,556.60 was returned in favor of Wald.

14. Even after Wald obtained a jury verdict against Felos which was affirmed on appeal, by the Florida Supreme Court, the Defendants still refused to pay Wald anything.

15. Due to the bad faith of the Defendants, Wald is entitled to recover Felos' policy limtis of $250,000.00 as well as the amount of the excess judgment above the policy limits.

Wherefore, the Plaintiff demands judgment for damages, attorneys' fees, costs and interest and requests trial by jury on all issues in this cause.

                                                    **S. PERRY PENLAND, JR., P.A.**

                                                    S. PERRY PENLAND, JR., ESQUIRE
Florida Bar #320201
Attorney for Plaintiff
233 East Bay Street, Suite 610
Jacksonville, Florida 32202
(904) 634-0501
(904) 634-0606 (facsimile)